THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JOSÉ BALZAC BÁEZ, Defendant and Appellant.

No. 8033.   Argued March 15, 1940.—Decided April 30, 1940.

*Enrique Báez García* for apellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of Mayagüez on appeal from the municipal court, the defendant was convicted of aggravated assault and battery in having, with his fists, assaulted and battered a woman.

He was convicted but not before he had presented several motions to dismiss the case because he had not been tried within 120 days from the date of the filing of the record in the District Court of Mayagüez.

■ Section 448 of the Code of Criminal Procedure reads as follows:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense. if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

On appeal from the municipal court, we have interpreted that section as meaning the time of filing the record in the district court. *People* v. *Correa*, 34 P.R.R. 843; *People* v. *Mercado*, 27 P.R.R. 523.

■ The record on appeal was filed in the district court on the 28th of July 1938. The case was set and finally tried on the 4th of February 1939. The appellant maintains that 191 days elapsed between the filing of the record and the trial of the case. This appears to be correct. Under these circumstaces the *Fiscal* was bound to prove that any postponements made were for just cause. The case was primarily set for August 27, 1938, and the *Fiscal* maintains, and the record shows, that as other cases were placed ahead of that case, it could not be heard because it was not reached. The next setting of the case was for November 17, 1938, and the *Fiscal* has not made it clear to us why it could not be set before that date. One hundred days had then elapsed. It transpires that on said November 17 the regular district attorney was not present and the substitute district attorney was not or could not be there because he was under a commission to do special work for the Attorney General of Puerto Rico.

On January 25, 1939, the case was set for February 4, 1939. The amended motion to dismiss was filed on the 3rd of February 1939. Apparently the court below relied on the case of *People* v. *Ramos,* 40 P.R.R. 770. We have read the case and we do not find that it has any real application, especially as in that case the 120 days had not elapsed when the motion to dismiss was presented.

The various cases otherwise cited by the *Fiscal* to support the action of the court below are *People* v. *Matos,* 26 P.R.R. 520; *People* v. *Figueroa,* 55 P.R.R. 736, and *Garcés* v. *District Court,* 55 P.R.R. 328. None of these cases really helps us. We do not think, for example, that the mere failure of a defendant, when called for trial, to oppose a postponement militates against him. *People* v. *Ramos, supra,* does not say so. We think that the district attorney is bound to show some active concurrence for the postponement on the part of the defendant. The statute reads: "whose trial has not been postponed upon his application."

█ We do not recall for the moment why the regular *Fiscal* was absent, but we do know that the Attorney General named a substitute *Fiscal* who, at the instance of the said officer, was employed for other duties and alleged such employment when the case was called on November 17, 1938.

This is one of the salient facts of the case. If the regular district attorney could not attend, either some one else should have been named or the absence of a prosecutor satisfactorily explained. On the whole showing we are satisfied that the defendant could have been brought to trial somewhere within the 191 days that ran from the filing of the record and the trial of the case.

██ We do not think that a new term of 120 days may be counted every time that a case is postponed for just cause. It would depend on all the circumstances.

We could take the indication then of the Circuit Court of Appeals for the First Circuit in the case of *Gerardino* v. *People of Puerto Rico,* 29 F. (2d) 517, that the question of

a "speedy" trial was not necessarily limited to 120 days. The Circuit Court of Appeals said that the legislative definition was entitled to a fair consideration, yet not binding on that court; that it was entirely open to that court to hold that 120 days was a period too long or too short to be within the fair meaning of "speedy". This is to say, interpreting the words-of the Organic Act that every defendant is entitled to a speedy trial. The government officers should have found a way to obtain a trial of this case within the 191 days of which we have spoken.

The judgment should be reversed and the defendant discharged.